UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELMA DUGGER and DIANE DUGGER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HORSEHOE HAMMOND, INC., ) <br> d/b/a HORSESHOE CASINO HAMMOND, ) <br> INC., d/b/a EMPRESS CASINO HAMMOND, ) <br> d/b/a JACK BINION'S HORSESHOE ) <br> CASINO. ) <br> ) <br> Defendants. ) | No. 04 C 6736 <br> Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

In this action brought by plaintiffs Velma Dugger and Diane Dugger alleging that defendant Horseshoe Hammond, Inc., d/b/a Horseshoe Casino, Hammond, Inc., d/b/a Empress Casino Hammond, d/b/a Jack Binion's Horseshoe Casino ("Horseshoe"), is liable for its negligence in causing personal injuries to plaintiffs, Horseshoe has moved pursuant to Rule 12(b)(3), Fed.R.Civ.P., to dismiss the complaint for improper venue. For the reasons stated below, Horseshoe's motion to dismiss is denied.

I. **BACKGROUND**

Horseshoe is a citizen of the State of Indiana, is incorporated under the laws of Indiana, and has its principal place of business in Hammond, Indiana. Horseshoe owns, maintains, operates and controls a gambling casino in Hammond. Although its casino is located in Indiana, Horseshoe advertises the casino on billboards located in Illinois. Horseshoe also advertises on its website that it is the closest casino to Chicago. In addition, Horseshoe maintains its logo on shuttle and tour

buses that transport casino-goers from Illinois to its casino in Indiana.[1]

On November 2, 2002, plaintiffs, who are citizens of Illinois, were injured when they slipped and fell on the wet floor of Horseshoe's parking garage. On October 20, 2004, plaintiffs filed the present lawsuit in the Northern District of Illinois to recover damages for their personal injuries.

## II. RULE 12(b)(3) STANDARDS

Plaintiffs bear the burden of demonstrating proper venue. *Budget Rent A Car Corp. v. Crescent Ace Hardware*, No. 03 C 930, 2003 U.S. Dist. LEXIS 12084, at *5. In deciding whether the plaintiff has made a prima facie showing of proper venue, the court may consider affidavits from both parties. 2003 U.S. Dist. LEXIS 12084, at *5-6, citing *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). The court must also resolve any factual conflicts in the plaintiff's favor and accept as true all uncontroverted allegations. 2003 U.S. Dist. LEXIS 12084, at *6 (citations omitted).

## III. ANALYSIS

Under Section 1391(a), venue is proper in a diversity action in any judicial district where any

---

[1] Plaintiffs also assert, without offering any evidence, that Horseshoe advertises its casino in local radio advertisements, television advertisements, and telephone book listings in Illinois and that Horseshoe offers tour and bus services from Illinois directly to its casino in Indiana. In addition, plaintiffs attach as Exhibit A an uncertified copy of Horseshoe Gaming Holding Corp.'s registration with the Illinois Secretary of State as a foreign corporation doing business within the state. As Horseshoe points out, plaintiffs sued Horseshoe Hammond Inc., not Horseshoe Gaming Holding Corp., and plaintiffs have not established any connection between the two entities that would result in Horseshoe Gaming Holding Corp.'s registration affecting Horseshoe Hammond, Inc's residency.

Plaintiffs include as Exhibit B a list of lawsuits filed by Horseshoe in Illinois for enforcement of judgments and wage garnishments against Illinois residents for transactions that occurred at its Indiana casinos. The court is unclear as to how such evidence supports plaintiffs' theory that venue in this district is proper when the individuals sued by Horseshoe were Illinois residents and, as such, subject to the personal jurisdiction of Illinois courts. By contrast, Horseshoe is not an Illinois resident and is only subject to the personal jurisdiction of Illinois courts if it has sufficient minimum contacts with Illinois. Plaintiffs have not offered any authority standing for the proposition that filing suit in a judicial district in one action results in the establishment of minimum contacts with the state of that judicial district for purposes of establishing personal jurisdiction in another action, and the court declines to take such an expansive view here.

defendant resides.[2] 28 U.S.C. § 1391(a). A corporation is deemed to reside in any state that can exercise personal jurisdiction over it. 28 U.S.C. § 1391(c). In a diversity action, a federal court may exercise its personal jurisdiction over a non-resident defendant "only if a court of the state in which it sits would have such jurisdiction." 2003 U.S. Dist. LEXIS 12084, at *6 (citations omitted). This court's personal jurisdiction, therefore, depends on whether Illinois courts would have personal jurisdiction over the defendant. *Id.* Additionally, this court's exercise of personal jurisdiction over the defendant must comport with state statutory law, state constitutional law, and federal constitutional law. *Id.*, citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Because the Illinois long-arm statute authorizes personal jurisdiction on any basis permitted by the Illinois Constitution and the United States Constitution, 735 ILCS 5/2-209(c), and because the Seventh Circuit has found that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," this court must only engage in one due process inquiry. 2003 U.S. Dist. LEXIS 12084, at *7, citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

"The Due Process Clause of the Fourteenth Amendment limits when a state may assert *in personam* jurisdiction over non-resident individuals and corporations." *RAR, Inc.*, 307 F.3d at 1277, citing *Penoyer v. Neff*, 95 U.S. 714, 733, 24 L. Ed. 565 (1878). In order to be subject to the court's personal jurisdiction, the defendant must have "certain minimum contacts with [the state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

---

[2] Plaintiffs have alleged sufficient facts giving rise to this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of Illinois, while Horseshoe is a citizen of Indiana because it is incorporated under the laws of Indiana and has its principal place of business in Hammond, Indiana. Plaintiffs have further alleged that the amount in controversy exceeds $75,000.

3

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339 (1940). This "minimum contacts" standard varies depending on whether the state asserts "general" or "specific" jurisdiction over a defendant.

A state exercises specific jurisdiction over a defendant when it "exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.8, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984). "Specific jurisdiction turns on a particularized assessment of the relationship among the defendant, the forum, and the litigation." *Wilson v. Humphreys*, 916 F.2d 1239 at 1244 (7th Cir. 1990) (citations and internal quotations omitted). By contrast, general jurisdiction refers to suits "neither arising out of nor related to the defendant's contacts, and it is permitted where the defendant has 'continuous and systematic general business contacts' with the forum." *RAR, Inc.*, 107 F.3d at 1277, quoting *Helicopteros*, 466 U.S. at 416. Plaintiffs do not argue that Horseshoe's contacts with Illinois were so "continuous and systematic" as to subject Horseshoe to the court's general jurisdiction. Accordingly, the court will confine its analysis to specific jurisdiction.

The evidence offered by plaintiffs with regard to Horeshoe's contacts in Illinois consists of the unsupported allegations regarding Horseshoe's extensive advertising in various media within Illinois and providing bus services to Illinois residents from Illinois to Indiana, as well as Horseshoe's maintenance of a website that advertises the close proximity of its Hammond casino to Chicago. Horseshoe also advertises on at least one billboard within Illinois. Even if the court assumes that such evidence showed that Horseshoe had established minimum contacts with Illinois

4

for purposes of establishing specific jurisdiction, plaintiffs have not shown that their injuries arose from or were related to Horseshoe's advertisements or website.[3] *See Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998) ("To satisfy due process, specific jurisdiction requires that the suit arise from or be related to these minimum contacts with the forum state.") (citation and internal quotations omitted). Plaintiffs have not alleged that they were induced to travel to Indiana because of the advertisements or website or that they were transported to Indiana by a Horseshoe bus or a bus displaying Horseshoe's logo. Instead, plaintiffs were injured when they slipped and fell inside Horseshoe's parking garage in Hammond, Indiana. Because plaintiffs have not shown any connection between Horseshoe's advertisements or website and their injuries, an Illinois court would not have specific jurisdiction over Horseshoe. Venue is therefore improper in the Northern District of Illinois.

## IV. TRANSFER VENUE

Although neither party has raised the issue of whether the court should transfer the present case from the Northern District of Illinois to the Northern District of Indiana, the court finds that transferring the venue of the present matter rather than dismissing the action outright is the proper course of action. *See Philips v. Seiter*, 173 F.3d 609, 610 (7th Cir. ) ('The court can transfer the case even if not asked to do so by either party."); *Derrick v. Frank Found. Child Assistance Int'l, Inc.*,

---

[3]Plaintiffs have not argued that Horseshoe's website is an "active" website, i.e., Horseshoe enters into contracts with Illinois residents over its website, that confers the personal jurisdiction of the court. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Plaintiffs' description of Horseshoe's website comports with the description of a "passive" website on which Horseshoe provides information to Illinois residents but does not engage in any interaction. Such a passive website is insufficient to confer personal jurisdiction over Horseshoe. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004). Although not raised or argued by plaintiffs, the court visited Horseshoe's website and discovered that the website is somewhat interactive as a result of the website's invitation to visitors to apply on-line to become a member of its Winners Circle Players Club. Despite this potential for interaction on Horseshoe's website, plaintiffs allegations regarding the website do not support a finding of specific jurisdiction because plaintiffs do not allege any injury arising from or relating to Horseshoe's website.

No. 03 C 5737, 2004 U.S. Dist. LEXIS 9736 (N.D. Ill. May 28, 2004) ("If a court determines that it is not the proper venue for the action the court is required to dismiss the action or 'if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.'") (quoting 28 U.S.C. § 1406(a)).

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." In this case, plaintiffs sustained injuries in Hammond, Indiana, which is located in the Northern District of Indiana. Plaintiffs could have filed this lawsuit in Indiana without losing diversity jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiffs are citizens of Illinois and Horseshoe is a citizen of Indiana and the amount in controversy exceeds $75,000. Venue is therefore proper in the Northern District of Indiana. Thus, the case may be transferred to the Northern District of Indiana only if the "interest of justice" so counsels.

Plaintiffs suffered their personal injuries on November 2, 2002. Indiana's personal injury statute of limitations is two years. Ind. Code Ann. § 34-11-2-4.[4] The applicable statute of limitations expired on November 2, 2004. Because plaintiffs would be time-barred from re-filing the action in the proper forum, the court finds that the interest of justice requires the court to transfer the matter to the Northern District of Indiana. *See Philips*, 173 F.3d at 610 (stating that a "compelling reason" for transfer exists where claim would be time-barred if the case is dismissed and had to be filed anew in the proper court).

---

[4] A federal court sitting in diversity applies the choice of law rules of the forum state. *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1184 (7th Cir. 1996). In the absence of an effective choice of law between the parties, Illinois courts apply the "most significant relationship" test for choice of law in tort cases. *Esser v. McIntyre*, 661 N.E.2d 1138, 169 Ill. 2d 292, 214 Ill. Dec. 693 (Ill. 1996). Within that test, Illinois courts generally give the greatest weight to the place of injury factor. *Id.* at 1141. Since plaintiff sustained their injuries in Indiana, the court presumes that Indiana law applies to this action. In the event that Illinois law applies instead, Illinois also has a two-year statute of limitations for personal injury actions. 735 Ill. Comp. Stat. 5/13-202.

## ORDER

For the reasons stated above, the court denies Horseshoe's motion to dismiss for improper venue [#9] and orders this case transferred to the United States District Court for the Northern District of Indiana, Hammond Division.

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 7, 2005